IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| BETTY RAHE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-545-E |
| | § | |
| MERIDIAN SECURITY INSURANCE | § | |
| COMPANY D/B/A STATE | § | |
| AUTOMOBILE MUTUAL INSURANCE | § | |
| COMPANY AND LARYSA SANTIAGO, | § | |
| | § | |
| *Defendants.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Meridian Security Insurance Company's Opposed Motion to Deny Plaintiff's Claim for Attorneys' Fees. (Doc. 7). After considering the motion, response, reply, the record, and applicable law, the Court finds that motion should be, and therefore is, GRANTED.

**I.    Background Facts**

Plaintiff is insured under a Defendant-Meridian insurance policy against losses from wind and hail damage to Plaintiff's property. On or about June 9, 2019, Plaintiff's property suffered damage from a storm—the extent of which is not at issue in this motion. Defendant made a partial payment to Plaintiff for her losses and issued a partial denial letter for the rest of Plaintiff's claims.

On January 8, 2021, Plaintiff's counsel provided Meridian with presuit notice as set forth in § 541 and § 542A.003 of the Texas Insurance Code. On January 11, 2021, Plaintiff's counsel sent an amended presuit notice letter with amended totals for the actual damages to the property and the interest under the Prompt Payment Statute.

One week later, Plaintiff's counsel received a letter addressed to Plaintiff's counsel from

Larysa Santiago of State Auto Insurance Companies, i.e., Defendant. The letter acknowledged that Plaintiff's claim had not been resolved and notified Plaintiff that the reason for the delay was that "[l]itigation is pending." After receiving this letter, Plaintiff filed suit on February 9, 2021.

Defendant timely pled and argues here that Plaintiff failed to provide presuit notice sixty days prior to filing suit as required by § 542A.003. (Doc. 1-2, at 2). As a result, Defendant argues Plaintiff is precluded from recovering attorney's fees incurred after the date Defendant asserted this defense—March 9, 2021. *Id.* at 2.

Plaintiff responds by arguing the purpose of the notice requirement is to allow a defendant-insurer an opportunity to make a settlement offer and that the January 11, 2021, letter made "clear [] that such an offer was not forthcoming[.]" (Doc. 18, at 4). On that basis, Plaintiff argues they should not be precluded from collecting attorney's fees after March 9, 2021. *Id.* at 4-5. Alternatively, Plaintiff argues that the appropriate remedy is to abate the proceedings. *Id.* at 5.

**II.   Legal Standard**

The Texas Legislature set the timeline for providing presuit notice in insurance claims:

> In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.

Tex. Ins. Code § 542A.003(a).

The Texas Legislature also established the consequences for claimants who do not wait long enough before filing suit:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th

day after the date the defendant files an original answer in the court in which the action is pending.

Tex. Ins. Code § 542A.007(d).

Finally, the Court notes the Legislature's exception to the presuit notice timeline:

"A presuit notice under [Tex. Ins. Code § 542A.003(a)] is not required if giving notice is impracticable because:

(1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire; or

(2) the action is asserted as a counterclaim."

Tex. Ins. Code § 542A.003(d).

### III.   Analysis

The parties do not dispute that the Texas Insurance Code applies to this case. *See* (Doc. 1-2, at 2); (Doc. 18, at 3). It is also undisputed that Plaintiff filed suit thirty-one days after her initial presuit notice, short of the sixty-day requirement. *See* (Doc. 1-2, at 2); (Doc. 18, at 2). Finally, it is undisputed that Plaintiff's notice was proper under § 542A.003(b).

Defendant argues only that it was entitled to sixty days of presuit notice, which Plaintiff did not give. Plaintiff argues that it was unnecessary to wait the full duration based on the purpose of the presuit notice and her interpretation of Defendant's January 2021 letter. Alternatively, she argues the appropriate remedy is to abate the proceedings.

Thus, there are two issues before the Court: 1) whether Plaintiff needed to wait the full sixty days before filing suit; and 2) what are the proper consequences for not doing so. The Court holds that Plaintiff was required to wait sixty days prior to filing suit and that limitations on her attorney's fees are the appropriate remedy.

    a.  Defendant pled and proved it was entitled to presuit notice and satisfied the requirements to limit Plaintiff's attorney's fees.

Defendant, in its original answer, correctly notes "[c]hapter 542A of the Texas Insurance

Code applies to Plaintiff's lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged hail and wind damage." (Doc. 1-2, at 1). Defendant then cites § 542A.003, briefly explains how the statute entitled it to sixty days of presuit notice, and briefly explains how Plaintiff prematurely filed suit. *Id.* at 2. Finally, in its original answer, Defendant requests the Court deny Plaintiff's claim for attorney's fees from March 9, 2021, onward. *Id.* The Court finds these pleadings satisfy the requirements of § 542A.007(d).

    b.  Plaintiff was required, but failed, to wait sixty days before filing suit.

The facts do not suggest, nor does Plaintiff assert, that she could not wait the full sixty days because of any limitations period concern. Moreover, she did not assert this claim as a counterclaim. Thus, neither of the Legislature's established exceptions apply to Plaintiff's decision to file suit early. Instead, Plaintiff asks this Court to create a third exception to the sixty-day notice requirement based on the purpose of the presuit notice and Plaintiff's interpretation of the January 2021 letter from the Defendant. The Court declines that invitation. Even if Plaintiff's interpretation of that letter was correct, the law does not establish a Plaintiff's belief "that [a settlement offer] was not forthcoming" as an exception to the presuit notice requirement.

    c.  Abatement is inappropriate in this case.

Plaintiff argues in the alternative that "abatement of the action for statutory notice period is more consistent with the purpose of notice than dismissal." (Doc. 18, at 5) (citing *Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755, 757 (S.D. Tex. 2018) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)). Plaintiff's argument here presents a false choice to the Court as outright dismissal for failing to wait sixty days prior to filing suit has not been an option for nearly thirty years. *See Hines*, 843 S.W.2d at 469.

Prior to the Texas Supreme Court's 1992 decision in *Hines*, the Insurance Code was "silent on the effect of noncompliance[.]" *Hines*, 843 S.W.2d at 468. The Texas Supreme Court considered the purpose of the notice requirement to avoid the harsh outcome of outright dismissal. *See id.* Since then, the Legislature has spoken on the effect of noncompliance.

In 2017, the Legislature revised the Insurance Code to provide defendant-insurers with a choice of remedies for situations where plaintiffs fail to wait the full duration prior to filing suit, such as limiting attorney's fees (Tex. Ins. Code § 542A.007(d)) or abating the proceedings (Tex. Ins. Code § 542A.005). The Defendant in this case chose to limit Plaintiff's attorney's fees. The Defendant in *Perret* chose to abate the proceedings. *See* 354 F. Supp at 757. The defendant's decision in *Perret* does not bind the Defendant's choice here. Accordingly, abatement is inappropriate here where Defendant has not filed a plea in abatement. *See* Tex. Ins. Code § 542A.005(a).

### IV. Conclusion

For the reasons stated above, Defendant Meridian Security Insurance Company's Opposed Motion to Deny Plaintiff's Claim for Attorneys' Fees (Doc. 7) is GRANTED. It is therefore ORDERED that Plaintiff's claims for attorney's fees after March 9, 2021, are DENIED.

SO ORDERED: February 28, 2022.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE